**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT OWENSBORO**
**CIVIL ACTION NO. 4:15CV-P131-JHM**

**JOHN ALLEN YARBROUGH**                                                                                  **PLAINTIFF**

v.

**BRAD BOYD** *et al.*                                                                                          **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff John Allen Yarbrough filed the instant 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court upon initial review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Upon initial review, for the reasons set forth below, the Court will dismiss some of Plaintiff's claims and allow others to proceed for further development.

Plaintiff is a convicted inmate at the Hopkins County Jail. He sues Brad Boyd, the Jailer of the Christian County Jail; Joe Blue, the Jailer of the Hopkins County Jail; and Advance Correction Healthcare. Plaintiff sues Defendant Boyd in his official capacity only. The complaint does not identify in which capacity Plaintiff sues Defendant Blue. However, because he sues Defendant Boyd in his official capacity, the Court construes the complaint as alleging official-capacity claims against both Defendants.

**I. STANDARD**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is

immune from such relief. *See* §§ 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

### III. ANALYSIS

Plaintiff alleges that Defendants have denied his needed psychiatric medications at the Christian and Hopkins County Jails. The Court will construe Plaintiff's complaint as alleging deliberate indifference to his serious medical needs in violation of the Eighth Amendment. Upon review, the Court will allow these claims to proceed against Defendants Boyd and Blue in their official capacities and against Defendant Advance Correction Healthcare.

Plaintiff also states, "In retaliation to continuous asking for mental health treatment Christian County Jail ordered me transfered to Hopkins County Jail from a isolation cell where the Jailer is Joe Blue." Retaliation for the exercise of a constitutional right is itself a violation of the First Amendment actionable under § 1983. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (per curiam). In order to state a retaliation claim, a plaintiff must show that: (1) he engaged in constitutionally protected conduct, (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct, and (3) there is a causal connection between elements (1) and (2), meaning that the adverse action was motivated at least in part by the plaintiff's protected conduct. *King v. Zamiara*, 680 F.3d 686, 694 (6th Cir. 2012) (citing *Thaddeus-X*, 175 F.3d at 394). "Mere allegations of constitutional retaliation will not suffice; plaintiffs must rather allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." *Boyd v. T'Kach*, No. 99-cv-02431-ZLW-CBS, 2007 U.S. Dist. LEXIS 99247, at *8 (D. Colo. Sept. 28, 2007) (internal quotation marks omitted); *see also Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005). "[O]rdinarily a transfer would not deter a prisoner of ordinary firmness from continuing to engage in protected conduct." *Siggers-El v. Barlow*, 412 F.3d 693, 701 (6th Cir. 2005) (citing *Smith v. Yarrow*, 78 F. App'x 529, 543-44 (6th Cir. 2003)). "[T]ransfer to another institution of the same security level, with no other aggravating factors, is not sufficiently adverse to deter a person of ordinary firmness from engaging in the exercise of protected First Amendment activity." *Friedmann v. Corr. Corp. of Am.*, 11 F. App'x 467, 471 (6th Cir. 2001).

Plaintiff's allegations concerning his transfer fail to meet the requirements of an adverse action since the Christian and Hopkins County Jails have the same security level and he does not allege that a transfer away from an isolation cell presented more adverse circumstances for him.

Therefore, Plaintiff's allegations are insufficient to state a retaliation claim, and the Court will dismiss this claim for failure to state a claim upon which relief may be granted.

### IV.  ORDER

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's retaliation claim is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Court will enter a separate Scheduling Order governing the claims that have been permitted to proceed.

Date:   October 28, 2015

                                                      Joseph H. McKinley, Jr., Chief Judge
                                                          United States District Court

cc:     Plaintiff, *pro se*
       Defendants
       Christian County Attorney
       Hopkins County Attorney
4414.010